IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

INMAN GEORGE EATON,
Individually and as Personal
Representative of the Estate of
Cynthia Eaton,

    Plaintiff,                         CASE NO. 3:11-CV-57 (CDL)

vs.

UNITED STATES OF AMERICA, PAUL
EDWARD RABER, M.D., and MYRA
ANNETTE BOWIE,

    Defendants.

O R D E R

This action, brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, is before the Court for a second time. Plaintiff's prior action was dismissed for lack of subject matter jurisdiction because, at that time, Plaintiff had failed to exhaust his administrative remedies. *Eaton v. Medlink Ga., Inc.*, No. 3:08-CV-83 (CDL), 2008 WL 5191842 (M.D. Ga. Dec. 11, 2008). It is undisputed that, after that dismissal, Plaintiff produced evidence that he filed a timely administrative claim with the U.S. Department of Health and Human Services ("HHS"). It is also undisputed that Plaintiff has now fully exhausted his administrative remedies by pursuing his administrative claim, which has been denied. Nevertheless, the Government maintains that this Court lacks

subject matter jurisdiction based on its prior finding that Plaintiff failed to submit an administrative claim as required by the FTCA.[1]  The Court disagrees.

The Court found that it lacked subject matter jurisdiction and dismissed Plaintiff's prior action without prejudice for two reasons.  First, the Court found, based on the evidence then before it, that Plaintiff had failed to submit an administrative claim as required by the FTCA.  Second, the Court found that, even if Plaintiff had submitted an administrative claim, the action was still premature because the claim had not been denied by HHS.  In response to the Court's ruling, Plaintiff produced evidence that he had submitted a timely administrative claim to HHS.  *See* Pl.'s Mot. to Set Aside J. Ex. B, UPS Delivery Confirmation, ECF No. 14-2 in Case No. 3:08-CV-83 (CDL) (M.D. Ga.) (confirming delivery of claim to HHS at correct address on July 2, 2008).  The Court let its dismissal stand, however, because Plaintiff's action was still premature.

The Government now maintains that the Court's prior finding that Plaintiff failed to submit an administrative claim

---

[1] The Government raises a factual attack on subject matter jurisdiction because it contends that Plaintiff failed to file a timely administrative claim with HHS.  In resolving this factual attack, the Court may consider evidence outside the pleadings and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" without presuming that Plaintiff's allegations are true, as the Court would do on a facial attack to subject matter jurisdiction. *Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008) (internal quotation marks omitted).

2

precludes a finding in this action that he did submit a claim.[2] To apply collateral estoppel, the Court must find, among other things, that Plaintiff "had a full and fair opportunity to litigate the issue in the prior proceeding." *Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000) (internal quotation marks omitted). Here, because the Court found that Plaintiff's claim was premature even if he had submitted a timely administrative claim, the Court finds that Plaintiff did not have a "full and fair opportunity" to litigate the issue of whether he filed a timely administrative claim in his prior action.[3] The Court's prior rulings made clear that once Plaintiff exhausted his administrative remedies he would be eligible to re-file his action. Therefore, the Court finds that its prior dismissal of Plaintiff's action, based on his failure to exhaust administrative remedies, does not preclude the Court from deciding in this action that he filed a timely administrative claim. Based on Plaintiff's evidence that he

---

[2] The Government's position is puzzling given its representation in Plaintiff's prior action that it "ha[d] no opposition" to the Court clarifying that its dismissal would not preclude Plaintiff from re-filing this action. Gov't's Resp. to Pl.'s Mot. to Set Aside J. 2, ECF No. 18 in Case No. 3:08-CV-83 (CDL) (M.D. Ga.).

[3] In similar circumstances, the Eleventh Circuit Court of Appeals has warned against the type of overly rigid and inequitable application of issue preclusion that the Government proposes. *Cf. Deweese v. Town of Palm Beach*, 688 F.2d 731, 734 n.5 (11th Cir. 1982) ("[T]he courts should avoid a rule that would force [a litigant] to take a frivolous appeal simply to avoid the issue preclusive effect of certain alternative grounds.").

submitted a claim to HHS on July 2, 2008, the Court finds that it has subject matter jurisdiction over this action. *See* Pl.'s Resp. to Gov't's Mot. to Dismiss Ex. G, UPS Delivery Confirmation, ECF No. 14-9 in Case No. 3:11-CV-57 (CDL) (M.D. Ga.) (confirming delivery of claim to HHS at correct address on July 2, 2008). Accordingly, the Government's Motion to Dismiss (ECF No. 9) is denied.

IT IS SO ORDERED, this 22nd day of July, 2011.

                                      S/Clay D. Land
                                        CLAY D. LAND
                               UNITED STATES DISTRICT JUDGE