```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                       ATHENS DIVISION
```

INMAN GEORGE EATON,                  *
Individually and as personal
representative of the Estate of      *
Cynthia Eaton,
                                     *
    Plaintiff,                            CASE NO. 3:11-CV-57 (CDL)
                                     *
vs.
                                     *
UNITED STATES OF AMERICA,
*et al.*,                            *

    Defendants.                      *

O R D E R

Defendant Paul Raber, M.D. ("Raber"), an employee of Medlink Georgia, Inc., filed a motion asking the Court to find that Raber was acting within the scope of his employment during the events giving rise to this action and to substitute the United States of America ("United States") as the party Defendant for Raber.  *See* 28 U.S.C. § 2679(d)(3) (stating that if the Attorney General refuses to certify scope of employment under 28 U.S.C. § 2679(d)(1), the employee may petition the court to do so).  Though the United States did not initially certify that Raber was acting within the scope of his employment in accordance with 28 U.S.C. § 2679(d)(1), the United States now "does not oppose entry of an order of the Court substituting the United States as Defendant in the place and stead of individual Defendant Paul Edward Raber, M.D."  Gov't's Resp. to Raber's

Mot. to Substitute ¶¶ 2-3, ECF No. 38.  Accordingly, the Court grants Raber's Motion to Substitute (ECF No. 34).  The Court hereby certifies that Raber was acting within the scope of his employment at the time of the incidents out of which this action arose and orders that the United States be substituted as the party Defendant for Raber in this case.

Defendant Myra Annette Bowie ("Bowie"), another employee of Medlink Georgia, Inc., has not yet filed a motion for substitution in accordance with 28 U.S.C. § 2679(d)(3).  The United States represents that it would not oppose such a motion if Bowie did file one.  Gov't's Resp. to Raber's Mot. to Substitute 3 n.1.  The Court interprets this representation as a concession that Bowie was acting within the scope of her employment at the time of the events giving rise to this action.  Accordingly, the Court hereby certifies that Bowie was acting within the scope of her employment at the time of the incidents out of which this action arose and orders that the United States be substituted as the party Defendant for Bowie in this case.

In light of these rulings, Plaintiff Inman Eaton's Motion for Substitution (ECF No. 32) is moot.

IT IS SO ORDERED, this 9th day of July, 2012.

                                              S/Clay D. Land
                                                 CLAY D. LAND
                                    UNITED STATES DISTRICT JUDGE