IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| INMAN GEORGE EATON, Individually and as Personal Representative of the Estate of Cynthia Eaton, | * * * * | |
| Plaintiff, | * | CASE NO. 3:11-CV-57 (CDL) |
| vs. | * * | |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * * | |

O R D E R

This action arises from the death of Cynthia Eaton ("Cynthia"), who died of acute fentanyl poisoning. Cynthia obtained the narcotic pain drug fentanyl using a prescription slip that had been signed in blank by Dr. Paul Edward Raber ("Raber") for his nurse practitioner, Myra Annette Bowie ("Bowie"), to use for his patients.[1] It is undisputed that Cynthia, who was not a patient of Raber or Bowie, obtained the fentanyl prescription illegally. Cynthia's father brought this wrongful death action, contending that the negligence of Raber and Bowie caused Cynthia's death. He seeks partial summary judgment on the issues of negligence, proximate cause,

---

[1] Plaintiff Inman George Eaton initially brought this action against Raber and Bowie, along with their employer, Medlink Georgia, Inc. Defendant United States of America has been substituted as Defendant for Medlink, Raber, and Bowie.

assumption of risk, avoidance of consequences, and comparative negligence.

Defendant United States of America ("the Government") does not dispute that Raber and Bowie were negligent but contends that genuine fact disputes exist on the issues of proximate cause, assumption of risk, avoidance of consequences, and comparative negligence. The Court agrees. Accordingly, Plaintiff's motion (ECF No. 40) is granted as to the negligence of Raber and Bowie but denied as to the issues of proximate cause, assumption of risk, avoidance of consequences, and comparative negligence.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

The record, viewed in the light most favorable to the Government, reveals the following.  Unless otherwise noted, the facts are undisputed.

At the time of the events giving rise to this action, Raber and Bowie were employees of Medlink Georgia, Inc. ("Medlink").  Raber was a physician, and Bowie was his nurse practitioner.  Raber routinely signed prescription slips in blank and gave them to Bowie.  Bowie regularly took the pre-signed prescription pads home with her and locked them in her safe.  It is undisputed that the practice of pre-signing blank prescriptions violates Georgia law on controlled substances; it is "unlawful for any practitioner to issue any prescription document signed in blank."  O.C.G.A. § 16-13-41(h).  Raber conceded that it was foreseeable that if a pre-signed prescription pad were stolen, someone could forge prescriptions for any kind of drug, including narcotics.

Bowie's daughter, Tracy Mason ("Mason"), was a patient at Medlink who was periodically treated by Raber for chronic back pain.  Mason received at least one prescription for 1600 mg Actiq lozenges from Raber.  Actiq is the brand name for a medication that contains fentanyl, which is generally only prescribed for cancer patients who are on an opioid regimen and whose pain is not controlled by other opioids.  Mason, who lived

3

with Bowie at the time, stole prescription medication from Bowie's husband at least once. She also had access to the Medlink office and sometimes came to the office after hours. Mason visited the Medlink office at least one time with Cynthia, who was her close friend. Mason admitted to the police that she had taken pre-signed prescription pads from her mother and written prescriptions to herself. Pl.'s Statement of Material Facts Ex. 2, GBI Face Sheet Attach. 1, Hart County Sheriff's Office Incident Report, ECF No. 42-1 at 4.

On the evening of July 6, 2006, Cynthia obtained a prescription for six 1600 mg Actiq lozenges from a Wal-Mart pharmacy. Early the next morning, Cynthia was found dead with an Actiq lozenge in her mouth. Investigators also found an empty box for the Actiq lozenges in Cynthia's purse, a prescription bottle containing a medication for one of Cynthia's known medical conditions, and a small Tupperware container with several pills that the investigators could not immediately identify. *Id.* Cynthia was pronounced dead at 6:20 a.m., and her cause of death was found to be "Acute Fentanyl and Alprazolam Intoxication." Pl.'s Statement of Material Facts Ex. 1, Certificate of Death for Cynthia Eaton, ECF No. 42. Alprazolam, which is more commonly known by the brand name Xanax, is a prescription medication used to treat anxiety and panic disorder.

It is not clear from the present record how Cynthia obtained the alprazolam. It is undisputed that Cynthia obtained the Actiq prescription by use of a prescription slip that had been signed in blank by Raber. Prior to July 6, 2006, Cynthia obtained three other prescriptions for Actiq using prescription slips that had been signed in blank by Raber. It is also undisputed that Cynthia was never a patient of Raber or Medlink, and there is no evidence that Raber or Bowie filled in the prescription for Cynthia. In an investigation following Cynthia's death, the Georgia Composite Medical Board concluded that Cynthia stole the pre-signed prescription slip or that Mason gave it to her. Mason was charged with criminal offenses in connection with the pre-signed prescription pads, but she died of pneumonia before those charges were resolved.

DISCUSSION

The Government does not dispute that Raber and Bowie's conduct with regard to the pre-signed prescription pads violated Georgia law, and the Government does not dispute that that Raber and Bowie were negligent. Therefore, Plaintiff is entitled to summary judgment on the issue of Raber and Bowie's negligence. As explained in the remainder of this Order, however, genuine factual disputes exist regarding proximate cause, assumption of risk, avoidance of consequences, and comparative negligence.

Consequently, summary judgment is not appropriate on those issues.

Plaintiff argues that the negligence of Raber and Bowie was, as a matter of law, the *sole* proximate cause of Cynthia's death. The Government contends that the proximate cause of Cynthia's death was Cynthia's own negligent and criminal conduct and/or the intervening illegal conduct of Mason. Plaintiff responds that Cynthia and/or Mason's conduct was a reasonably foreseeable consequence of Raber and Bowie's conduct, and, therefore, Cynthia and Mason's intervening conduct does not break the causal chain. *See Rosinek v. Cox Enters., Inc.*, 166 Ga. App. 699, 700, 305 S.E.2d 393, 394-95 (1983) ("[A]n intervening criminal act of a third party, without which the injury would not have occurred, will be treated as the proximate cause of the injury, thus superseding any negligence of the defendant; however, if the criminal act was a reasonably foreseeable consequence of the defendant's conduct, the causal connection between that conduct and the injury is not broken."); *accord Braun v. Soldier of Fortune Magazine, Inc.*, 968 F.2d 1110, 1122 (11th Cir. 1992). Construing the evidence in favor of the Government as required at this stage of the proceedings, the Court finds that genuine fact disputes exist on whether Raber and Bowie's negligence was the sole proximate cause of Cynthia's death. Therefore, Plaintiff's motion for partial

6

summary judgment on this issue is denied. *See Rosinek*, 166 Ga. App. at 700, 305 S.E.2d at 395 ("Ordinarily, such questions of negligence and proximate cause are reserved for jury resolution, and the court may not resolve them except in plain and indisputable cases."); *see also Decker v. Gibson Prods. Co.*, 679 F.2d 212, 216 (11th Cir. 1982) (reserving question of negligence and causation for the jury); *Brandvain v. Ridgeview Inst., Inc.*, 188 Ga. App. 106, 116, 372 S.E.2d 265, 273 (finding jury question on whether mental patient's decision to commit suicide was intervening cause of his death, relieving his doctor from responsibility for his negligence); *Warner v. Arnold*, 133 Ga. App. 174, 179, 210 S.E.2d 350, 353-54 (1974) (finding jury question on causation where landlord was aware of an inadequate lock on tenant's door before third party committed burglary and arson of tenant's apartment); *cf. Braun*, 968 F.2d at 1121-22 (finding that jury had grounds for determining that magazine's publication of "gun for hire" advertisement was the proximate cause of a murder); *Craine v. United States*, 722 F.2d 1523, 1525-26 (11th Cir. 1984) (noting that foreseeability of intervening criminal conduct is a factual issue).

Similarly, genuine factual disputes exist as to the Government's defenses of assumption of risk, avoidance of consequences, and comparative negligence. *See Kane v. Landscape Structures, Inc.*, 309 Ga. App. 14, 17, 709 S.E.2d 876, 879

7

(2011) (noting that assumption of risk is a fact question except "where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion") (internal quotation marks omitted); *see also Bennett v. MARTA*, 316 Ga. App. 565, 566, 730 S.E.2d 52, 53 (2012) ("[A]s a general proposition issues of negligence, contributory negligence and lack of ordinary care for one's own safety are not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.") (internal quotation marks omitted). Therefore, Plaintiff's motion for partial summary judgment as to those defenses must likewise be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Partial Summary Judgment (ECF No. 40) is granted as to the negligence of Raber and Bowie, but it is denied as to the issues of proximate cause, assumption of risk, avoidance of consequences, and comparative negligence.

IT IS SO ORDERED, this 12th day of December, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
